ROBERT P. MOLINA, ESQ., SBN 6422
rmolina@pyattsilvestri.com
PYATT SILVESTRI
701 Bridger Avenue, Suite 600
Las Vegas, Nevada 89101
(702) 383-6000
(702) 477-0088 (fax)
Attorneys for Defendants
GORDON DENNY and PV HOLDING CORP.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RONALD CARPENTER JR., an individual,<br><br>Plaintiff,<br><br>vs.<br><br>GORDON DENNY, an individual; PV HOLDING CORP. dba AVIS CAR RENTAL, a foreign corporation; CANONICAL GROUP LIMITED, a foreign corporation; DOES I through V, inclusive; and ROE CORPORATIONS II through V, inclusive,<br><br>Defendants.<br><br>ALLSTATE INSURANCE COMPANY,<br><br>Intervenor. | CASE NO.: 2:23-cv-00208-RFB-NJK |

**DEFENDANT PV HOLDING CORP.'S MOTION FOR SUMMARY JUDGMENT**

**ORAL ARGUMENT REQUESTED**

Defendant PV HOLDING CORP. dba AVIS CAR RENTAL (hereinafter "AVIS"), by and through its attorney, Robert P. Molina, Esq. of Pyatt Silvestri, hereby moves this Court for an order granting it summary judgment pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56-1.

This Motion is made and based upon the Memorandum of Points and Authorities, the papers and pleadings on file herein, the attached exhibits, and any oral

. . .

argument the Court may allow at a hearing on this Motion.

DATED this 15th day of December, 2023.

PYATT SILVESTRI

/s/ Robert P. Molina, Esq.
ROBERT P. MOLINA, ESQ., SBN 6422
701 Bridger Avenue, Suite 600
Las Vegas, Nevada 89101
Attorneys for Defendants
GORDON DENNY and PV HOLDING CORP.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**SUMMARY OF ARGUMENT**

Plaintiff's Second Amended Complaint alleges that Defendant AVIS negligently entrusted a vehicle to Defendant Denny and also failed to provide Defendant Denny any insurance coverage. However, Plaintiff has failed to plead any facts that support his claim for negligent entrustment and has not provided any evidence that support any of his claims against Defendant AVIS. Also, Defendant AVIS has presented undisputed admissible evidence that establishes that Defendant AVIS did not negligently entrust a vehicle to Defendant Denny and provided Defendant Denny with more than the required amount of insurance coverage. Thus, summary judgment in favor of Defendant AVIS is appropriate.

**II.**

**FACTUAL BACKGROUND**

This case involves an automobile accident in Clark County, Nevada that occurred on November 30, 2019 involving Plaintiff and Defendant Gordon Denny. See Plaintiff's Second Amended Complaint, filed January 12, 2023, which is attached hereto as Exhibit "A", p.3.[1] At the time of the subject accident, Defendant Denny was driving a

---

[1] This Court may take judicial notice of pleadings and order in the Court's own files as well as from the original state court action. See Fed.R.Evid. 201; U.S. ex. rel. Robinson Rancheria Citizens Council v. Borneo, 971 F.2d 244, 248 (9th Cir. 1992) ("[This court] may take notice of proceedings of other courts, both within and without the federal judicial

vehicle he had rented from Defendant AVIS, which is a car rental company. Id. at 2-3; see also Declaration of Gordon Denny, which is attached hereto as Exhibit "B". The term of Defendant Denny's rental of the vehicle from AVIS was less than 31 days, specifically from November 29, 2019 to December 8, 2019. See Exhibit "A" at 3; see also Exhibit "B"; see also Avis Rental Print-Out (Bates Stamped DEF000049), which is attached as Exhibit "C" and authenticated by Exhibit "B".

Defendant Denny had a valid driver's license from the United Kingdom and presented it to the representative from Defendant AVIS at the time he rented the vehicle involved in the subject accident. See Exhibit "B". When he rented the vehicle from Defendant AVIS, the coverage Defendant Denny accepted from Defendant AVIS was the Loss Damage Waiver and $1 Million Third Party Liability Protection. See Exhibits "B" and "C". The $1 Million Third Party Liability Protection provides coverage up to $1 million U.S. dollars for both injuries or death of third parties as well as property damage of third parties. See Exhibit "B".

At the time of the subject accident, Defendant Denny was thirty-four years old. See Relevant Portions of Volume 1 of Deposition of Gordon Denny, taken October 15, 2021, which are attached hereto as Exhibit "D"[2], 12:5-6. Defendant Denny has had a driver's license since September 2010, so he had nine years of driving experience by the time of the subject accident. Id. at 12:7-11. Defendant Denny has never had his license suspended or revoked. Id. at 12:19-21.

Plaintiff's Second Amended Complaint was filed in Nevada state court on January 12, 2023. See Exhibit "A". In that Second Amended Complaint, Plaintiff alleges:

> . . . Upon information and belief, Defendant DENNY did not purchase from AVIS any supplemental insurance coverage relating to his operation of the rental car. Upon information and belief, Defendant AVIS failed to

(continued)

system, if those proceedings have a direct relation to matters at issue."); Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002); In re Heritage Bond Litig., 546 F.3d 667, 670 n.1 (9th Cir. 2008).

[2] All deposition transcript pages attached hereto are authenticated by the Declaration of Robert P. Molina, Esq., attached hereto as Exhibit "E".

ensure Defendant DENNY was covered by insurance, financially responsible, or able to pay damages prior to leading him the rental car. Thus, Defendant AVIS is jointly and severally liable for Plaintiff's damages. . . ."

Id. at 3-4. Plaintiff's Second Amended Complaint also alleged a cause of action for Negligent Entrustment. Id. at 5. However, nowhere in Plaintiff's Second Amended Complaint does Plaintiff allege any action which Defendant AVIS did or failed to do that form the basis of the cause of action for Negligent Entrustment. Id. Instead, the cause of action for Negligence Entrustment goes directly to the claim that Plaintiff allegedly suffered damages "[a]s a direct and proximate result of Defendant's negligent acts" but never identifies what these alleged "negligent acts" were. Id. at 5.

During discovery, Plaintiff served the following Answers to Interrogatories:

**INTERROGATORY NO. 18:**

Please state fully and in complete detail all that you claim Defendant, PV HOLDING CORP d/b/a AVIS, either did, or failed to do, which you claim either caused or contributed to cause the subject incident to occur and/or the resulting injuries and damages to Plaintiff.

**ANSWER NO. 18:**

Objection. Calls for a legal conclusion. Subject to and without waiving the foregoing objection, Defendant Avis negligently entrusted their vehicle to Defendant Gordon Denny. Discovery is continuing.

**INTERROGATORY NO. 19:**

Do you contend that Defendant, PV HOLDIING CORP d/b/a AVIS, negligently entrusted the rental vehicle to Defendant, GORDON DENNY? If so, please identify and list any and all documents, information and/or evidence you have to support your claim Defendant, PV HOLDING CORP d/b/a AVIS, negligently entrusted its rental vehicle to Defendant, GORDON DENNY.

**ANSWER NO. 19:**

Objection. Calls for a legal conclusion. Subject to and without waiving the foregoing objection, yes. Discovery is continuing.

. . .

**INTERROGATORY NO. 21:**

Do you contend that Defendant, GORDON DENNY, did not purchase from Defendant, PV HOLDING CORP d/b/a/ AVIS supplemental insurance coverage relating to the operation of his rental car? If so, please

identify and list any and all documents, information and/or evidence you have to support your claim Defendant, GORDON DENNY, did not purchase from PV HOLDING CORP d/b/a AVIS supplemental insurance coverage relating to the operation of his rental car.

**ANSWER NO. 21:**

Objection. Calls for a legal conclusion. Subject to and without waiving the foregoing objection, Plaintiff is without sufficient information to answer at this time. Discovery is continuing.

**INTERROGATORY NO. 22:**

Do you contend that Defendant, PV HOLDIING CORP d/b/a/ AVIS, failed to ensure Defendant, GORDON DENNY, was covered by insurance, financially responsible, or able to pay damages prior to leasing him the rental car? If so, please identify and list any and all documents, information and/or evidence you have to support your claim Defendant, PV HOLDING CORP d/b/a AVIS, failed to ensure Defendant, GORDON DENNY, was covered by insurance, financially responsible, or able to pay damages prior to leasing him the rental car.

**ANSWER NO. 22:**

Objection. Calls for a legal conclusion. Subject to and without waiving the foregoing objection, Plaintiff is without sufficient information to answer at this time. Discovery is continuing.

See Plaintiff's Answers to Defendants' First Set of Interrogatories to Plaintiff, served April 2, 2021, which is attached hereto as Exhibit "F"[3], pp.7-9. On the last day of discovery (two and a half years later), Plaintiff served Supplemental Answers to Interrogatories, but Plaintiff did not change or add to any of the Answers quoted above. See Plaintiff's Supplemental Answers to Defendants' First Set of Interrogatories to Plaintiff, served September 5, 2023, which is attached hereto as Exhibit "G", pp.8-9.

During Plaintiff's deposition on February 15, 2023, Plaintiff provided the following testimony:

[Q.] I'm going to mark this. I guess this is going to be Exhibit F.

And to my Co-Defendant's, I don't have this for screen share, but it's Defendant Bates stamp 49 in I believe [AVIS'] disclosure.[4]

. . .

---

[3] All discovery responses attached hereto are authenticated by the Declaration of Robert P. Molina, Esq., attached hereto as Exhibit "E".

[4] This is the same document as Exhibit "C" to this Motion.

[Q.] All right. And here on Exhibit F, it says it's a $1 million third-party liability protection. Do you see that?
A. Where?

Q. It says "Loss Damage Waiver," and it says that's accepted, and then it says "Personal Accident Insurance declined, Personal Effects Protection declined."

But here it says "1,000,000 3rd Party Liability Protection accepted." Do you see that?

[Plaintiff's Counsel]: Same objection.

. . .

Q. That's one million, and it says it's accepted. Do you see that?

A. Yeah, yeah. It's on there.

Q. Okay, do you have any reason to dispute this?

[Plaintiff's Counsel]: Objection, calls for speculation. Go ahead.

[A.] It's on the paper.

Q. I mean –

A. **I don't know.**

Q. Do you have a belief that he did not have any insurance coverage on the day of the accident?

[Plaintiff's Counsel]: Same objection.

[A.] I thought you had to with rental cars. I thought – I don't know.

[Q.] Okay. Do you have any information that would indicate to you that Mr. Denny did not have any insurance coverage on the day of the accident?

[Plaintiff's Counsel]: Same objection.

[A.] **No. No.**

Q. It was your belief at the time of the accident or right after the accident that he did have insurance coverage: correct?

A. Not really. I mean, I didn't --- it wasn't ever a concern. But once I stared getting treatment, that's when I found out like, you know, you'll be okay to actually get help.

Q. So after you started treatment, that's when you learned that he did have coverage?

A. Well, I guess, more or less, **yes.**

See Relevant Portions of Volume 1 of Deposition of Plaintiff, taken February 15, 2023, which are attached hereto as Exhibit "H", 119:19-23, 123:2-.12, 123:24 to 125:6 (emphases added).

## III.

## STATEMENT OF UNDISPUTED FACTS

Pursuant to LR-56-1, the following is a concise statement of each fact material to the disposition of this Motion that is not genuinely at issue:

1. Defendant Denny rented a vehicle from Defendant AVIS, who is in the business of renting vehicles.
2. Defendant Denny's rental of the vehicle from Defendant AVIS was for a period of less than 31 days.
3. Defendant Denny had a valid license from the country of his residence at the time he rented the vehicle from Defendant AVIS, which he presented to a representative of Defendant AVIS when renting the vehicle.
4. When Defendant Denny rented the vehicle from Defendant AVIS, the coverage Defendant Denny accepted from Defendant AVIS ($1million) was well in excess of the amount required by the Short-term Lessor statute.
5. When Defendant Denny rented the vehicle from Defendant AVIS, Defendant Denny was not a minor (34 years old), had been a licensed driver for about nine years, and never had his license suspended or revoked.
6. Plaintiff has not even alleged any facts that support his claim for negligent entrustment, let alone present any admissible evidence in that regard.
7. Plaintiff has no facts to support his claim that Defendant AVIS did not provide Defendant Denny with at least the required amount of insurance coverage and instead admitted Defendant AVIS did provide insurance coverage during his deposition.

. . .

. . .

**IV.**

**SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate "if the movant shows there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. FRCP 56(a). The substantive law governing a matter determines which facts are material to a case. Anderson v. Liberty Lobby, 477 U.S. 242, 248, 106 S. Ct. 2505, 92 L.Ed. 2d 202 (1986). When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. Gonzales v. City of Anaheim, 747 F.3d 789, 793 (9th Cir. 2014). If the movant has carried its burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380, 127 S. Ct. 1769, 167 L.Ed. 2d 686 (2007) (alteration in original) (internal quotation marks omitted). The nonmoving party may not merely rest on the allegations of his pleadings; rather, he must produce specific facts – by affidavit or other evidence – showing a genuine issue of fact. Anderson, 477 U.S. at 256.

"If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for the purposes of the motion; (3) grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it; or (4) issue any other appropriate order." Heinemann v. Satterberg, 731 3d 914, 915 (9th Cir. 2013) (citing FRCP 56(e)). It is improper for the Court to resolve genuine factual disputes or make credibility determinations at the summary judgment stage. Zetwick v. County of Yolo, 850 F.3d 436, 441 (9th Cir. 2017) (citations omitted).

. . .

. . .

V.

LEGAL ARGUMENT

**A. AVIS is not liable pursuant to the Graves Amendment**

The Graves Amendment provides:

> **(a) In general.** An owner of a motor vehicle that rents or leases the vehicle to a person . . . shall not be liable under the law of any State . . . by reason of being the owner of the vehicle (or an affiliate of the owner), for harm to person or property that results or arises out of the use, operation, or possession of the vehicle during the period f the rental or lease, if --
>
> **(1)** the owner (or an affiliate of the owner) is engaged in the trade or business of renting or leasing motor vehicles; and
>
> **(2)** there is no negligence or criminal wrong doing on part of the owner (or an affiliate of the owner).
>
> **(b) Financial responsibility laws**. Nothing in this section supersedes the law of any State or political subdivision thereof –
>
> **(1)** imposing financial responsibility or insurance standards on the owner of a motor vehicle for the privilege of registering and operating a motor vehicle; or
>
> **(2)** imposing liability on business entities engaged in the trade or business of renting or leasing motor vehicles for failure to meet the financial responsibility or liability insurance requirements under State law.

49 USC §30106 (a) and (b).

The applicable Nevada financial responsibility law is the Short-term Lessor statute, which provides that a rental car company must provide renters of its vehicles coverage "in limits of not less than $25,000 for any one person injured or killed and $50,000 for any number more than one, injured or killed in any one crash, and against liability of the [renter] for property damage in the limit of not less than $20,000 for one crash . . . ." NRS 482.305(1).

**1. Plaintiff has not set forth any facts, let alone admissible evidence, supporting his claim that AVIS was negligent**

The leading case in Nevada regarding negligent entrustment is Zugel v. Miller, 100 Nev. 525, 688 P.2d 310 (1984). Under Zugel, "a person who knowingly entrusts a vehicle to an inexperienced or incompetent person, such as a minor child unlicensed to

drive a motor vehicle, may be found liable for damages resulting thereby." Id. at 527. The Nevada Supreme Court has held that even if a person entrusts a vehicle to person with actual knowledge that the person has had prior driving infractions or accidents, such actual knowledge would be insufficient "as a matter of law" to support a claim for negligent entrustment. Cooke v. American Sav. & Loan Ass'n, 97 Nev. 294, 296, 630 P.2d 253, 254 (1981).

Plaintiff's Second Amended Complaint does not even allege any of the necessary elements of a cause of action for negligent entrustment. See Exhibit "A" at 3-5. Plaintiff's responses to the contention interrogatories provide any facts that support his claim for negligent entrustment. See Exhibit "G". Those answers to interrogatories merely state that discovery is continuing. Id. Discovery is now closed, and Plaintiff has still never provided a factual basis for his negligent entrustment claim.

Pursuant to Nevada statute, a non-resident is permitted to rent a vehicle as long as he is duly licensed in his home state or residence. NRS 483.610. There is no question that Defendant Denny had a valid driver's license from the United Kingdom at the time of the subject accident, which he has had since 2010. See Exhibit "D" 12:7-11. He was also thirty-four years old at the time of the accident. Id. at 12:5-6. Thus, Defendant Denny is far from being an unexperienced, unlicensed minor referenced in Zugel, supra. Furthermore, Defendant Denny has never had his license suspended or revoked. Id. at 12:19-21. Thus, the only facts and evidence in this case relating to Plaintiff's negligent entrustment claim supports a finding that there was no negligent entrustment. Thus, summary judgment on this claim in favor of Defendant Denny is warranted.

**2. It is undisputed AVIS satisfies the financial responsibility requirements of the Short-term Lessor statute.**

The Short-term Lessor statute requires that rental companies provide minimum insurance limits (25/50/20). NRS 482.305(1). AVIS is providing Defendant Denny coverage that goes well beyond this minimum requirement -- $ 1 million. See Exhibits

"B" and "C". Plaintiff's discovery responses indicate that Plaintiff has no factual basis for his claim that AVIS did not provide Defendant Denny at least the minimum insurance coverage. See Exhibit "G". Moreover, Plaintiff admitted at his deposition that he knew by the time he started treating after the accident that Defendant Denny had insurance coverage regarding the accident. See Exhibit "H" at 123:24 to 125:6. Thus, the undisputed facts indicate that Defendant AVIS provided sufficient insurance coverage for Defendant Denny, and so summary judgment in favor of Defendant AVIS as to this claim is warranted.

**VI.**

**CONCLUSION**

Plaintiff has no facts that support his claims against Defendant AVIS. Instead, all of the facts and evidence are contrary to such claims. Thus, there is no issue of genuine fact for trial regarding Defendant AVIS, and so summary judgment in favor of Defendant AVIS is warranted.

WHEREFORE, Defendant PV HOLDING CORP. respectfully requests that its Motion for Summary Judgment be GRANTED.

DATED this 15th day of December, 2023.

PYATT SILVESTRI

/s/ Robert P. Molina, Esq.
ROBERT P. MOLINA, ESQ., SBN 6422
701 Bridger Avenue, Suite 600
Las Vegas, Nevada 89101
Attorneys for Defendants
GORDON DENNY and PV HOLDING CORP.

**CERTIFICATE OF SERVICE**

I certify that I am an employee of the law offices of PYATT SILVESTRI, and at all times during the service of process was, not less than 18 years of age and not a party to the matter concerning which service of process was made. I also further certify that the service of **DEFENDANT PV HOLDING CORP.'S MOTION FOR SUMMARY JUDGENT** was made on the 15th day of December, 2023, on all parties in this action, by causing a true copy thereof to be distributed via the CM/ECF system to the following parties:

Ramzy Paul Ladah, Esq.
LADAH LAW FIRM
517 S. Third Street
Las Vegas, Nevada 89101
Ramzy@ladahlaw.com
litigation@ladahlaw.com
Attorneys for Plaintiff
Ronald Carpenter, Jr.

Kristian Lavigne, Esq.
Jeffrey Lavigne, Esq.
THE LAW OFFICE OF KRISTIAN LAVIGNE AND ASSOCIATES, P.C.
8064 W. Sahara Avenue # 102
Las Vegas, Nevada 89117
jeff@myrebellawyer.com
Attorneys for Plaintiff
Ronald Carpenter, Jr.

Shannon Pierce, Esq.
Wade Beavers, Esq.
FENNEMORE CRAIG, P.C.
7800 Rancharrah Parkway
Reno, Nevada 89511
SPierce@fennemorelaw.com
WBeavers@fennemorelaw.com
Attorneys for Defendant
Canonical Group Limited

Gary Guelker, Esq.
RESNICK & LOUIS, P.C.
8925 West Russell Road, Suite 220
Las Vegas, Nevada 89148
gguelker@rlattorneys.com
Attorney for Intervenor
Allstate Insurance Company

/s/ Barbara Abbott
An Employee of PYATT SILVESTRI