# EXHIBIT A

# EXHIBIT A

Electronically Filed
1/12/2023 11:45 AM
Steven D. Grierson
CLERK OF THE COURT

**SACOM**
**RAMZY P. LADAH, ESQ.**
Nevada Bar No. 11405
**LADAH LAW FIRM**
517 S. Third Street
Las Vegas, NV 89101
litigation@ladahlaw.com
T: 702.252.0055
F: 702.248.0055
*Attorneys for Plaintiff*

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| RONALD CARPENTER, JR., an individual; <br><br> Plaintiffs, <br><br> vs. <br><br> GORDON DENNY, an individual; PV HOLDING CORP. dba AVIS CAR RENTAL, a foreign corporation; CANONICAL GROUP LIMITED., a foreign corporation; DOES I through V, inclusive; and ROE CORPORATIONS II through V, inclusive, <br><br> Defendants. | CASE NO.: A-20-820442-C <br> DEPT. NO.: XI <br><br><br><br> **SECOND AMENDED COMPLAINT** |
| ALLSTATE INSURANCE COMPANY, <br><br> Intervenor. | |

Plaintiff RONALD CARPENTER JR. ("Plaintiff"), by and through his undersigned counsel of record, hereby alleges against Defendants GORDON DENNY, PV HOLDING CORP. dba AVIS CAR RENTAL, and CANONICAL GROUP LIMITED, (collectively, "Defendants") as follows:

**GENERAL ALLEGATIONS**

1. Plaintiff is, and was at all times mentioned herein, a resident of Clark County, Nevada.

1

2. Upon information and belief, Defendant GORDON DENNY ("DENNY"), is and was at all times mentioned herein, a resident of London, England.

3. Upon information and belief, Defendant PV HOLDING CORP. dba AVIS CAR RENTAL ("AVIS"), is and was at all times mentioned herein, a foreign corporation conducting business in the state of Nevada.

4. Upon information and belief, Defendant CANONICAL GROUP LIMITED ("CANONICAL"), is and was at all times mentioned herein, a foreign corporation conducting business in the state of Nevada.

5. This Court has subject matter jurisdiction over this matter pursuant to NRS 4.370(1), as the matter in controversy exceeds $15,000, exclusive of attorney's fees, interest, and costs.

6. This Court has personal jurisdiction over this matter because the incidents, transactions and occurrences that comprise the basis of this lawsuit took place in Clark County, Nevada.

7. Venue is proper in the Eighth Judicial District Court, Clark County, Nevada.

8. At all times relevant hereto, Defendants designated as DOES I through V and ROE CORPORATIONS II through V, in their true capacities, whether individual, corporate, associate or otherwise of the Defendants named herein are unknown to Plaintiffs who, therefore, sue said Defendants by said fictitious names. Plaintiffs are informed and believe and thereon allege that each of the Defendants designated as DOES I through V and/or ROE CORPORATIONS II through V are responsible in some manner for the events and happenings referred to herein, and caused damages proximately to Plaintiffs as herein alleged. Specifically, Plaintiff has ascertained Defendants' identities based on the information contained in the State of Nevada Traffic Crash Report relating to the subject crash. To the extent the information contained in the report is incorrect, Plaintiff will ask leave of this court to amend this Complaint to insert the true names and capacities of DOES I through V and ROE CORPORATIONS II through V when the same have been ascertained and to join such Defendants in this action.

9. Defendant AVIS is a car rental company operating in Las Vegas, Nevada.

10. At all times relevant hereto, Defendant DENNY was renting and operating a 2019 Chrysler 300 (the "rental car") from AVIS.

11. Upon information and belief, the term for the rental car was for a period of 31 days or less. Thus, Defendant AVIS was a short-term lessor of the rental car and Defendant DENNY was a short-term lessee of the rental car as defined by NRS 482.053 and NRS 482.305.

12. At all times relevant hereto, Defendant DENNY, while in the course and scope of his employment and/or agency with Defendant CANONICAL was operating Defendant's vehicle with the consent, permission and acquiescence of Defendant CANONICAL.

## FIRST CAUSE OF ACTION

### (Negligence / Negligence Per Se)

13. Plaintiff incorporates and realleges the preceding paragraphs as though fully set forth herein.

14. On or about November 30, 2019, Plaintiff RONALD CARPENTER occupied a vehicle traveling in Clark County, Nevada. On or about November 30, 2019, Defendant DENNY was driving the rental car in Clark County, Nevada. Defendant DENNY operated the rental car in a negligent manner, causing a collision with Plaintiff's vehicle.

15. Defendant DENNY owed Plaintiff a duty to operate the rental car in a safe and reasonable manner.

16. Defendant DENNY breached that duty when he operated the vehicle in a negligent manner, causing a collision with Plaintiff's vehicle.

17. As a result of the collision, Plaintiff suffered injuries, including but not limited to his neck, back, and head.

18. Defendant DENNY was the driver of the negligent vehicle and is thus legally responsible for Plaintiff's damages.

19. Upon information and belief, Defendant DENNY was not covered by any applicable personal insurance policies relating to his operation of the rental car. Upon information and belief, Defendant DENNY did not purchase from AVIS any supplemental insurance coverage relating to his operation of the rental car. Upon information and belief, Defendant AVIS failed to ensure Defendant DENNY was covered by insurance, financially responsible, or able to pay

damages prior to leasing him the rental car. Thus, Defendant AVIS is jointly and severally liable for Plaintiff's damages. Defendant AVIS' joint and several liability is unlimited pursuant to *Salas v. Allstate Rent-A-Car, Inc.*, 116 Nev. 1165, 14 P.3d 511 (2000), footnote 2 ("when the lessor refuses to insure or otherwise cover the lessee . . . or pay damages accordingly, the lessor may be subjecting itself to unlimited joint and several liability with its lessee."). Thus, Defendant AVIS is jointly and severally liable for all of Plaintiff's damages sustained in the subject crash.

20. As a direct and proximate result of Defendants' negligent acts, Plaintiff has incurred expenses for medical care and treatment and expenses incidental thereto, all to Plaintiff's damage. The full extent of Plaintiff's medical expenses is not yet known, but the past medical specials available already far exceed $15,000.00. Such expenses will continue to accrue in the future, all to Plaintiff's damage in a presently unascertainable amount. In this regard, Plaintiff prays for leave of the Court to insert all said damages herein when the same have been fully ascertained.

21. As a direct and proximate result of Defendants' negligence, carelessness, recklessness, and wantonness, Plaintiff sustained and continues to experience great pain of body and mind and mental stress and anxiety, all or some of which conditions may be permanent and disabling in nature, all to Plaintiff's damage in an amount of $15,000.00.

22. As a direct and proximate result of Defendants' negligence, carelessness, recklessness, and wantonness, Plaintiff has been absent from employment, which has resulted in a loss of earning capacity, all to Plaintiff's damage in an amount unknown at this time. When the amount of said damages is ascertained, Plaintiff will make known said damages to this Court and to all Defendants.

23. As a direct and proximate result of Defendants' negligent acts, Plaintiffs' personal property, including but not limited to the vehicle involved in the collision that is the subject of this lawsuit, has been damaged. Plaintiff is entitled to recover the costs associated with repairing said personal property.

24. As a direct and proximate result of Defendants' negligence and carelessness, Plaintiff has been caused to retain LADAH LAW FIRM, in order to prosecute this matter and are entitled to reasonable attorney's fees and costs of suit herein.

/ / /

## SECOND CAUSE OF ACTION

### (Negligent Entrustment)

25. Plaintiff incorporates and realleges the preceding paragraphs as though fully set forth herein.

26. As a direct and proximate result of Defendants' negligent acts, Plaintiff has incurred expenses for medical care and treatment and expenses incidental thereto, all to Plaintiff's damage. The full extent of Plaintiff's medical expenses is not yet known, but the past medical specials available already far exceed $15,000.00. Such expenses will continue to accrue in the future, all to Plaintiff's damage in a presently unascertainable amount. In this regard, Plaintiff prays for leave of the Court to insert all said damages herein when the same have been fully ascertained.

27. As a direct and proximate result of Defendants' negligence, carelessness, recklessness, and wantonness, Plaintiff sustained and continues to experience great pain of body and mind and mental stress and anxiety, all or some of which conditions may be permanent and disabling in nature, all to Plaintiff's damage in an amount of $15,000.00.

28. As a direct and proximate result of Defendants' negligence, carelessness, recklessness, and wantonness, Plaintiff has been absent from employment, which has resulted in a loss of earning capacity, all to Plaintiff's damage in an amount unknown at this time. When the amount of said damages is ascertained, Plaintiff will make known said damages to this Court and to all Defendants.

29. As a direct and proximate result of Defendants' negligent acts, Plaintiff's personal property, including but not limited to the vehicle involved in the collision that is the subject of this lawsuit, has been damaged. Plaintiff is entitled to recover the costs associated with repairing said personal property.

30. As a direct and proximate result of Defendants' negligence and carelessness, Plaintiff has been caused to retain LADAH LAW FIRM, in order to prosecute this matter and are entitled to reasonable attorney's fees and costs of suit herein.

/ / /

/ / /

/ / /

### THIRD CAUSE OF ACTION

**(Negligent Hiring, Training, Supervision, Retention and Policies/Procedures, Respondeat Superior)**

31. Plaintiff repeats and re-alleges each and every fact and allegation contained in this Complaint and incorporates the same herein by reference.

32. At all times relevant hereto, CANONICAL acted negligently in, among other reasons, failing to do the following:

    i. Establish and implement proper policies and procedures for employees, staff and agents working for them (including, and especially, drivers);

    ii. Properly, responsibly and prudently hire employees (including, and especially, drivers);

    iii. Properly, responsibly and prudently investigate employees before hiring them;

    iv. Properly, responsibly and prudently supervise and/or manage employees once they were hired;

    v. Properly, responsibly and prudently train employees or instruct them as to their duties;

    vi. Properly, responsibly and prudently supervise, monitor and regulate the conduct and daily activities of employees.

    vii. Properly, responsibly and prudently stress safety to its drivers.

33. At all times relevant hereto, CANONICAL and/or their agents or assigns negligently, carelessly and recklessly maintained and controlled their agents/assigns, thereby causing the subject accident.

34. At all times relevant hereto, Defendant DENNY was acting within the course and scope of his employment, services or agency with CANONICAL when the subject collision occurred and at all times relevant and mentioned herein.

35. At all times relevant hereto, Defendants were acting within the course and scope of their employment, services or agency with CANONICAL when the subject incident occurred and acted negligently, thus each and every other Defendant, including but not limited to,

1  CANONICAL, and DOE and ROE Defendants, are vicariously liable for the injuries sustained by
2  Plaintiff as alleged herein.

3      36.    At all times relevant hereto, the individual Defendants named herein, including but
4  not limited to Defendants, were acting within the course and scope of their employment, services
5  or agency with the corporate Defendants named herein when the subject incident occurred and
6  acted negligently, each and every other Defendant, including DOE and ROE BUSINESS ENTITY
7  Defendants and CANONICAL are vicariously liable for the injuries sustained by Plaintiff as
8  alleged herein.

9      37.    At all times relevant hereto, All Defendants named herein are agents, partners, co-
10 partners, co-agents, and were the agents, servants, employees, joint-venturers, and copartners of
11 their said co-Defendants and, as such, were acting within the course and scope of such agency,
12 service partnership, venture, and employment at all times herein mentioned; that each and every
13 Defendant, as aforesaid, when acting as a principal, was negligent in the selection and hiring of
14 each and every other Defendant, as its agent, servant, employee, joint-venturer and partner.

15     38.    As a direct and proximate result of Defendants' negligent acts, Plaintiff has incurred
16 expenses for medical care and treatment and expenses incidental thereto, all to Plaintiff's damage.
17 The full extent of Plaintiff's medical expenses is not yet known, but the past medical specials
18 available already far exceed $15,000.00. Such expenses will continue to accrue in the future, all to
19 Plaintiff's damage in a presently unascertainable amount.  In this regard, Plaintiff prays for leave
20 of the Court to insert all said damages herein when the same have been fully ascertained.

21     39.    As a direct and proximate result of Defendants' negligence, carelessness,
22 recklessness, and wantonness, Plaintiff sustained and continues to experience great pain of body
23 and mind and mental stress and anxiety, all or some of which conditions may be permanent and
24 disabling in nature, all to Plaintiff's damage in an amount of $15,000.00.

25     40.    As a direct and proximate result of Defendants' negligence, carelessness,
26 recklessness, and wantonness, Plaintiff has been absent from employment, which has resulted in a
27 loss of earning capacity, all to Plaintiff's damage in an amount unknown at this time. When the
28 amount of said damages is ascertained, Plaintiff will make known said damages to this Court and
   to all Defendants.

41. As a direct and proximate result of Defendants' negligent acts, Plaintiffs' personal property, including but not limited to the vehicle involved in the collision that is the subject of this lawsuit, has been damaged. Plaintiff is entitled to recover the costs associated with repairing said personal property.

42. As a direct and proximate result of Defendants' negligence and carelessness, Plaintiff has been caused to retain LADAH LAW FIRM, in order to prosecute this matter and are entitled to reasonable attorney's fees and costs of suit herein.

WHEREFORE, Plaintiff, who reserves the right to amend this Complaint at the time of trial to include all items of damages not yet ascertained, prays for judgment against each Defendant on each count as follows:

1. For general damages in excess of $15,000.00;
2. For special damages in excess of $15,000.00;
3. For reasonable attorney's fees and costs of suit herein; and
4. For such other and further relief as the Court deems proper.

## JURY DEMAND

Plaintiff(s), by and through their undersigned counsel of record, demand a trial by jury on claims so triable.

DATED this 12th day of January, 2023.

**LADAH LAW FIRM**

/s/: Ramzy P. Ladah

RAMZY P. LADAH, ESQ.
Nevada Bar No. 11405
517 S. Third Street
Las Vegas, NV 89101
*Attorneys for Plaintiff*

8

# CERTIFICATE OF SERVICE

Pursuant to NRCP 5(b), on this 12th day of January, 2023, a true and complete copy of **SECOND AMENDED COMPLAINT** was served on the following interested parties by the action(s) indicated below:

| | |
|---|---|
| Robert P. Molina, Esq.<br>**PYATT SILVESTRI**<br>701 Bridger Avenue, Suite 600<br>Las Vegas, Nevada 89101<br>*Attorneys for Defendants* | Kristian Lavigne, Esq.<br>Jeffrey Lavigne, Esq.<br>**THE LAW OFFICE OF KRISTIAN LAVIGNE AND ASSOCIATES, P.C.**<br>8064 W. Sahara Ave. # 102<br>Las Vegas, NV 89117<br>*Attorneys for Plaintiff* |
| Gary Guelker, Esq.<br>**RESNICK & LOUIS, P.C.**<br>8925 West Russell Road, Suite 220<br>Las Vegas, Nevada 89148<br>*Attorneys for Intervenor* | Wade Beavers, Esq.<br>**FENNEMORE CRAIG P.C.**<br>7800 Rancharrah Parkway<br>Las Vegas, Nevada 89511<br>*Attorneys for Defendant*<br>*CANONICAL* |

Method of Service

☒ **Electronic Service:** I caused said document(s) to be delivered by electronic means upon all eligible electronic recipients via the United States District Court CM/ECF system or Clark County District Court E-Filing system (Odyssey)

                                                           */s/ Jenny Marimberga*
                                                           An employee of Ladah Law Firm