# EXHIBIT G

# EXHIBIT G

RAMZY PAUL LADAH, ESQ.
Nevada Bar No. 11405
**LADAH LAW FIRM**
517 S. Third Street
Las Vegas, NV 89101
litigation@ladahlaw.com
T: 702.252.0055
F: 702.248.0055
*Attorneys for Plaintiff*

UNITED STATE DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RONALD CARPENTER, JR., an individual;<br><br>Plaintiffs,<br><br>vs.<br><br>GORDON DENNY, an individual; PV HOLDING CORP. dba AVIS CAR RENTAL, a foreign corporation; DOES I through V, inclusive; and ROE CORPORATIONS I through V, inclusive,<br><br>Defendants. | CASE NO.: 2:23:cv-00208<br><br>**PLAINTIFF'S SUPPLEMENTAL ANSWERS TO DEFENDANTS' FIRST SET OF INTERROGATORIES TO PLAINTIFF** |
| ALLSTATE INSURANCE COMPANY,<br><br>Intervenor. | |

**COMES NOW**, Plaintiff, RONALD CARPENTER, JR., by and through his counsel of record, RAMZY PAUL LADAH, ESQ., of the LADAH LAW FIRM, pursuant to FRCP 33, and hereby supplements his answers to Defendant's Interrogatories as follows **(supplemental information appears in bold print)**:

It should be noted that these questions are addressed to both Plaintiff and Plaintiff's counsel, so all of the information set forth herein may not be in the personal knowledge of Plaintiff versus information from documents, e.g., in the Early Case Conference production. Plaintiff is not

1

necessarily responding in accordance with the extensive "definitions and instructions", which Plaintiff finds overbroad, vague and unnecessary.

**INTERROGATORY NO. 1:**

Please state the following:

(a) Your current full legal name and all names by which you have ever been known, with corresponding dates during which name each name was used;

(b) All addresses at which you have lived in the past ten (10) years and the dates of your residence at each such address; and

(c) Your date and place of birth.

**ANSWER NO. 1:**

Objection. This Interrogatory seeks information that, in part, is not properly limited in time and therefore is neither relevant to any party's claims or defenses nor proportional to the needs of the case. Subject to and without waiving the foregoing objection, my full name is Ronald Edward Carpenter, Jr. having never been known by any other name. For the past 28 years I have resided at 3110 Moulton Court, Henderson, Nevada 89074. I was born on 5/8/86 in Anaheim, California.

**INTERROGATORY NO. 2:**

Please state your highest level of formal education completed, any educational degrees earned, the date of each such degree or highest education, and the name and location of all schools, universities, or colleges where such highest education was completed, or a degree was earned.

**ANSWER NO. 2:**

I graduated from Silverado High School in Las Vegas, Nevada in 2004.

**INTERROGATORY NO. 3:**

If you have ever been convicted of a crime, please state each such crime and the date and jurisdiction of the arrest and conviction for each such crime.

**ANSWER NO. 3:**

Objection. This Interrogatory seeks information that is not properly limited in time and therefore is neither relevant to any party's claims or defenses nor proportional to the needs of the

case. Subject to and without waiving the foregoing objection, I have never been convicted of a felony or a crime involving dishonesty.

**INTERROGATORY NO. 4:**

Please describe in as much detail as possible how the incident which is the subject of your Complaint occurred, including what you were doing immediately before and leading up to the time that the incident occurred.

**ANSWER NO. 4:**

I had just picked up passengers downtown and headed south on I-15. I took the Flamingo eastbound exit and headed east on Flamingo. As I approached the intersection with the I-15 northbound exit ramp, I had a green light. I proceeded into the intersection when the Defendant, who was on the NB exit ramp, ran his red light attempting to make a left turn onto westbound Flamingo and crashed into me almost head on.

**INTERROGATORY NO. 5:**

Please identify each witness and each person having knowledge of the subject incident, known to you, your attorney, agent, any investigator, or detective employed by you or your attorney, or anyone acting on your behalf.

**ANSWER NO. 5:**

All responsive information has previously been disclosed in this litigation pursuant to FRCP 26(f).

**INTERROGATORY NO. 6:**

Did you consume any alcoholic beverages within the twelve (12) hour period before the subject incident? If so, please identify:

(a) The names and addresses of the place(s) where the alcohol was consumed;

(b) The type and amount of alcohol consumed;

(c) The time(s) when such alcohol was consumed; and

(d) The names and addresses of any persons who have knowledge that you consumed such alcoholic beverages.

///

**ANSWER NO. 6:**

No.

**INTERROGATORY NO. 7:**

Did you take any prescribed or non-prescribed drugs or medication within the twelve (12) hour period before the subject incident? If so, please identify the name and dosage of each such substance, and the times that each such substance was taken.

**ANSWER NO. 7:**

No.

**INTERROGATORY NO. 8:**

Did you speak with any person(s) immediately after the subject incident occurred? If so, please identify each person and the substance of the conversation.

**ANSWER NO. 8:**

To the best of my recollection, I spoke to the defendant driver. I suggested we pull our cars to the side of the road and exchange information. He tried to convince me to let him leave after we exchanged information, but I informed him we can't leave and needed to report it to the police. I asked my passengers if they were ok. I discussed my symptoms with the paramedics. I explained what happened to the investigating police officer.

**INTERROGATORY NO. 9:**

Please describe in as much detail as possible all physical injuries, ailments or symptoms experienced by you, which you allege resulted from in the subject incident.

**ANSWER NO. 9:**

Objection. This Interrogatory calls for a medical opinion that Plaintiff is not qualified to give. Subject to and without waiving the foregoing objection, I sustained injuries that caused neck pain, bruising and pain to my lower abdomen, left shoulder pain, right wrist pain, low back pain, headaches, pain/numbness/tingling in both hands, pain/numbness/tingling in both legs, right knee pain, anxiety, depression, difficulty sleeping, forgetfulness, difficulty concentrating, dizziness and nausea.

///

**INTERROGATORY NO. 10:**

Please state which physical injuries, ailments or symptoms, out of those described in your Answer to Interrogatory No. 9 above, that you are no longer experiencing and, for each, please identify when you stopped experiencing such physical injuries, ailments or symptoms.

**ANSWER NO. 10:**

To the best of my recollection, the abdominal pain and bruising resolved approximately one week following the crash, the right wrist pain resolved approximately two weeks following the crash and the right knee pain resolved approximately one week following the crash.

**INTERROGATORY NO. 11:**

Please identify the names, addresses, dates of treatment, and purposes for treatment, for each and every medical professional, medical facility, hospital, physician, physical therapist, chiropractor, and/or other treatment provider, that has treated you, examined you, or consulted with you, both since the subject incident and for the five (5) years prior to the subject incident.

**ANSWER NO. 11:**

The identity of all crash-related providers have previously been disclosed in this litigation in accordance with NRCP 16.1. Discovery is continuing and Plaintiff reserves the right to supplement his disclosures as new information becomes available.

Prior to the subject crash, to the best of my recollection, I was only treated for common illnesses at Legacy Urgent Care, 105 North Pecos Rd #111, Henderson, Nevada 89074. **To the best of my recollection, I was also treated by Joseph Reyes, MD, Comprehensive and Interventional Pain Management, 10561 Jeffreys Street, Suite 211, Henderson, Nevada 89052, Carmelo Herrero, MD, South Hills Gastroenterology, 825 North Gibson Road, Suite 201, Henderson, Nevada 89011, Southern Hills Hospital, 9300 West Sunset Road, Las Vegas, Nevada 89148, Desert Springs Hospital, 2075 East Flamingo Road, Las Vegas, Nevada 89119, and Steinberg Diagnostic Medical Imaging, 2850 Sienna Heights, Henderson, Nevada 89052.**

Unrelated to the subject crash, on 2/24/21 I had emergency gall bladder removal surgery at Henderson Hospital.

///

5

**INTERROGATORY NO. 12:**

Please identify the amount of each bill for each such treatment provider referenced in Interrogatory No. 11 above, and the corresponding treatment for each such amount, which you allege was incurred as a result of the subject incident.

**ANSWER NO. 12:**

All responsive information has previously been disclosed in this litigation in accordance with FRCP 26(f). Discovery is continuing and Plaintiff reserves the right to supplement his disclosures as new information becomes available.

**INTERROGATORY NO. 13**:

Please state whether you have lost any salary, compensation or other income since the subject incident, which you allege is a result of the subject incident, and the amount of same.

**ANSWER NO. 13**:

Plaintiff is not pursuing a claim for loss of past wages.

**INTERROGATORY NO. 14**:

With respect to each of the five (5) years preceding the subject incident and each year up through the present date, please identify:

(a) Your employer;

(b) Your job title and/or job description;

(c) Your yearly gross and net income; and

(d) The name and address of any person(s), firm(s), or corporation(s) in possession of documentation which may be used to verify your income.

**ANSWER NO. 14:**

From May 2016 until March 2020, I was an independently contracted driver for Uber and from October 2019 until March 2020, I was an independently contracted driver for Lyft. **I started driving again for Uber and Lyft in approximately November 2021.**

**INTERROGATORY NO. 15:**

Of the years referenced in Interrogatory No. 14 above, in which did you file a federal income tax return?

**ANSWER NO. 15:**

2016-2019. I also filed in 2020 and 2021.

**INTERROGATORY NO. 16:**

Please list in detail all expenses, not set forth in a previous manner, which you allege were incurred by you as a result of the subject incident.

**ANSWER NO. 16:**

None. I purchased a stand to raise my mattress for approximately $120 because it was too difficult/painful to get in and out of bed. I also purchased stands to raise my washer and dryer for approximately $600 because it was too difficult/painful to do laundry. I purchased two robotic vacuums, one for upstairs and one for downstairs, for approximately $600 each because it was too difficult/painful to use a traditional vacuum. I purchased a robotic mop for approximately $400 because it was too difficult/painful to use a traditional mop. I hired a pool cleaner who I pay $150 per month since around May 2020 because it was too difficult/painful to clean my pool myself like I used to prior to the subject crash. I hired a dog walker that I pay $10 a week because it was too difficult/painful to walk my dog myself like I used to prior to the subject crash.

**INTERROGATORY NO. 17:**

In the five (5) years preceding the subject incident, and up to the present date, were you involved in any accident or incident, other than the subject incident, wherein you sustained any injuries whatsoever which required or resulted in any medical care, consultation, examination, or treatment? If so, for each such accident/incident, please state:

  (a) The date, place and type of each such accident/incident;

  (b) The nature of your injuries and/or symptoms;

  (c) The name and address of each medical professional, medical facility, hospital, physician, physical therapist, chiropractor, and/or other treatment providers, from which you received such care, consultation, examination, or treatment; and

  (d) Whether such injuries left residual symptoms which had not disappeared at the time of the subject incident, and the nature of the particular symptoms.

**ANSWER NO. 17:**

No.

**INTERROGATORY NO. 18:**

Please state fully and in complete detail all that you claim Defendant, PV HOLDING CORP d/b/a AVIS, either did, or failed to do, which you claim either caused or contributed to cause the subject incident to occur and/or the resulting injuries and damages to Plaintiff.

**ANSWER NO. 18:**

Objection. Calls for a legal conclusion. Subject to and without waiving the foregoing objection, Defendant Avis negligently entrusted their vehicle to Defendant Gordon Denny. Discovery is continuing.

**INTERROGATORY NO. 19:**

Do you contend that Defendant, PV HOLDIING CORP d/b/a AVIS, negligently entrusted the rental vehicle to Defendant, GORDON DENNY? If so, please identify and list any and all documents, information and/or evidence you have to support your claim Defendant, PV HOLDING CORP d/b/a AVIS, negligently entrusted its rental vehicle to Defendant, GORDON DENNY.

**ANSWER NO. 19:**

Objection. Calls for a legal conclusion. Subject to and without waiving the foregoing objection, yes. Discovery is continuing.

**INTERROGATORY NO. 20:**

Do you contend that Defendant, GORDON DENNY, was not covered by any applicable personal insurance policies relating to his operation of the rental car? If so, please identify and list any and all documents, information and/or evidence you have to support your claim Defendant, GORDON DENNY, was not covered by any applicable personal insurance policies relating to his operation of the rental car.

**ANSWER NO. 20:**

Objection. Calls for a legal conclusion. Subject to and without waiving the foregoing objection, yes. Discovery is continuing.

///

INTERROGATORY NO. 21:

Do you contend that Defendant, GORDON DENNY, did not purchase from Defendant, PV HOLDING CORP d/b/a/ AVIS supplemental insurance coverage relating to the operation of his rental car? If so, please identify and list any and all documents, information and/or evidence you have to support your claim Defendant, GORDON DENNY, did not purchase from PV HOLDING CORP d/b/a AVIS supplemental insurance coverage relating to the operation of his rental car.

ANSWER NO. 21:

Objection. Calls for a legal conclusion. Subject to and without waiving the foregoing objection, Plaintiff is without sufficient information to answer at this time. Discovery is continuing.

INTERROGATORY NO. 22:

Do you contend that Defendant, PV HOLDIING CORP d/b/a/ AVIS, failed to ensure Defendant, GORDON DENNY, was covered by insurance, financially responsible, or able to pay damages prior to leasing him the rental car? If so, please identify and list any and all documents, information and/or evidence you have to support your claim Defendant, PV HOLDING CORP d/b/a AVIS, failed to ensure Defendant, GORDON DENNY, was covered by insurance, financially responsible, or able to pay damages prior to leasing him the rental car.

ANSWER NO. 22:

Objection. Calls for a legal conclusion. Subject to and without waiving the foregoing objection, Plaintiff is without sufficient information to answer at this time. Discovery is continuing.

INTERROGATORY NO. 23:

Please identify the names, addresses, phone numbers of your passengers at the time of the incident.

ANSWER NO. 23:

    Cynthia Sicarios Hartley
    5573 Yale Street
    Montclair, California 91763
    (626) 827-7869

    Jesse Hartley
    5573 Yale Street
    Montclair, California 91763

9

**INTERROGATORY NO. 24:**

Were you working for a rideshare company such as UBER or LYFT at the time of the subject Incident? If so, did you make a claim for worker's compensation? Please state with specificity the name, address and telephone number the person at the rideshare company that supervises you or is your contact person at the time of the Subject Incident.

**ANSWER NO. 24:**

I was operating under the terms of my independent contractor's agreement with Uber at the time of the subject crash. As I was not an employee of Uber, I did not file a worker's compensation claim.

**INTERROGATORY NO. 25:**

How did your rideshare passengers that were involved in the Subject Incident contact you to enlist your services for transport? If it involves an app, please provide the contact information that for those passengers that were involved in the Subject Incident.

**ANSWER NO. 25:**

Through the app however I do not have access to their contact information.

**INTERROGATORY NO. 26:**

Please identify and list, by name, telephone number, address, email address, or other information, all rideshare passengers for 2 hours prior to the Subject Incident. For each passenger, please state the address where you picked them up and dropped them off.

**ANSWER NO. 26:**

I do not have access to this information.

///
///
///

Plaintiff reserves the right to amend and supplement the foregoing answers as provided in FRCP 26(e).

DATED this 5th day of September, 2023.

**LADAH LAW FIRM**

*/s/ Ramzy P. Ladah*

**RAMZY PAUL LADAH, ESQ.**
Nevada Bar No. 11405
517 S. Third Street
Las Vegas, NV 89101
*Attorneys for Plaintiff*

# CERTIFICATE OF SERVICE

Pursuant to F.R.C.P. 5(b), I certify that I am an employee of LADAH LAW FIRM, and that on this 5th day of September, 2023, I caused a true and correct copy of **PLAINTIFF'S SUPPLEMENTAL ANSWERS TO DEFENDANTS' FIRST SET OF INTERROGATORIES TO PLAINTIFF** in the above captioned matter, to be served via email:

Steven M. Goldstein, Esq.
**PYATT SILVESTRI**
701 Bridger Avenue, Suite 600
Las Vegas, Nevada 89101
rmolina@pyattsilvestri.com
jperetz@pyattsilvestri.com
*Attorneys for Defendants*

Gary R. Guelker, Esq.
Kristine Maxwell, Esq.
**RESNICK & LOUIS**
8925 W. Russell Road, Suite 220
Las Vegas, NV 89148
gguelker@rlattorneys.com
CSibiga@rlattorneys.com
*Attorneys for Intervenor*

Kristian Lavigne, Esq.
Jeffrey Lavigne, Esq.
**THE LAW OFFICE OF KRISTIAN LAVIGNE AND ASSOCIATES, P.C.**
8064 W. Sahara Ave. # 102
Las Vegas, NV 89117
*Attorneys for Plaintiff*

Shannon Pierce, Esq.
Wade Beavers, Esq.
**FENNEMORE CRAIG P.C.**
7800 Rancharrah Parkway
Las Vegas, Nevada 89511
SPierce@fennemorelaw.com
WBeavers@fennemorelaw.com
lbailey@fennemorelaw.com
courtfilings@fennemorelaw.com
dsorensen@fennemorelaw.com
*Attorneys for Defendant CANONICAL*

/s/ Jenny Marimberga
An employee of Ladah Law Firm

## VERIFICATION

I, the undersigned, declare that I am the Plaintiff in the above-entitled action, that I have read the foregoing **SUPPLEMENTAL ANSWERS TO INTERROGATORIES** and know the contents thereof; that the same is true of my own knowledge, except for those matters therein stated upon information and belief, and as to those matters, I believe them to be true.

DATED this 9/5/23.

_____
RONALD CARPENTER

13