# EXHIBIT 7

# RFA Objections

1  SHANNON S. PIERCE (Nev. Bar No. 12471)
   WADE BEAVERS (Nev. Bar No. 13451)
2  FENNEMORE CRAIG, P.C.
   7800 Rancharrah Parkway
3  Reno, NV 89511
   Tel: (775) 788-2200 / Fax: (775) 788-2283
4  Email: spierce@fennemorelaw.com; wbeavers@fennemorelaw.com

5  *Attorneys for Canonical Group Limited*

6  **UNITED STATES DISTRICT COURT**

7  **DISTRICT OF NEVADA**

| | |
|---|---|
| RONALD CARPENTER, JR., an individual;<br><br>Plaintiff,<br><br>vs.<br><br>GORDON DENNY, an individual; PV HOLDING CORP. dba AVIS CAR RENTAL, a foreign corporation; CANONICAL GROUP LIMITED, a foreign corporation; DOES I through V, inclusive and ROE CORPORATIONS II through V, inclusive;<br><br>Defendants.<br><br>ALLSTATE INSURANCE COMPANY;<br><br>Intervenor. | CASE NO.: 2:23-CV-00208-RFB-NJK<br><br>**CANONICAL GROUP LIMITED'S OBJECTIONS TO PLAINTIFF'S SECOND SET OF REQUESTS FOR ADMISSIONS TO GORDON DENNY** |

Defendant CANONICAL GROUP LIMITED ("CGL"), by and through its undersigned counsel, submits the following objections to Plaintiff RONALD CARPENTER, JR.'s ("Plaintiff") *Second Set of Requests for Admissions to Defendant Gordon Denny* dated March 23, 2023 ("Requests"), as follows:

**OBJECTIONS**

**REQUEST NO. 26:**

*Admit that you were acting on behalf of Canonical Group Limited (hereinafter "Canonical") while in Las Vegas when the subject collision occurred.*

**CGL'S OBJECTION TO REQUEST NO. 26:**

CGL objects to this Request to Gordon Denny (hereinafter, "Denny') on grounds that it impermissibly purports to compel legal opinions and conclusions which are disputed among the parties in this case and which relate to essential elements of Plaintiff's claims, as opposed to relevant factual matter *See, e.g., Safeco of America v. Rawstron*, 181 F.R.D. 441, 443 (C.D. Cal. 1998) ("the purpose of requests for admission is to narrow the issues for trial by identifying and eliminating those matters on which the parties agree."); *see, e.g., Sommerfield v. City of Chicago*, 251 F.R.D. 353, 355 (N.D. Ill. 2008) ("Requests to admit may not be used to establish legal conclusions.") (citing 7 Moore's Federal Practice § 36.10[8] (3rd ed.2006)); *see also People of State of Cal. v. The Jules Fribourg*, 19 F.R.D. 432, 436 (N.D. Cal. 1955) (". . . there is general agreement that requests for admission are not to be treated as substitutes for discovery processes to uncover evidence, and that they may not be applied to controverted legal issues lying at the heart of the case.  Their purpose is to eliminate from the trial matters as to which there is no genuine dispute.").

**REQUEST NO. 30:**

*Admit that the only reason you were in Las Vegas when the subject collision occurred was because Canonical hired you to travel to Las Vegas to perform work on their behalf.*

**CGL'S OBJECTION TO REQUEST NO. 30:**

CGL objects to this Request to Denny on grounds that it impermissibly mischaracterizes facts.

**REQUEST NO. 31:**

*Admit that when the subject collision occurred you were acting as an agent of Canonical.*

**CGL'S OBJECTION TO REQUEST NO. 31:**

CGL objects to this Request to Denny on grounds that it impermissibly purports to compel legal opinions and conclusions which are disputed among the parties in this case and which relate to essential elements of Plaintiff's claims, as opposed to relevant factual matter  *See, e.g., Safeco of*

2

*America v. Rawstron*, 181 F.R.D. 441, 443 (C.D. Cal. 1998) ("the purpose of requests for admission is to narrow the issues for trial by identifying and eliminating those matters on which the parties agree."); *see, e.g., Sommerfield v. City of Chicago*, 251 F.R.D. 353, 355 (N.D. Ill. 2008) ("Requests to admit may not be used to establish legal conclusions.") (citing 7 Moore's Federal Practice § 36.10[8] (3rd ed.2006)); *see also People of State of Cal. v. The Jules Fribourg*, 19 F.R.D. 432, 436 (N.D. Cal. 1955) (". . . there is general agreement that requests for admission are not to be treated as substitutes for discovery processes to uncover evidence, and that they may not be applied to controverted legal issues lying at the heart of the case. Their purpose is to eliminate from the trial matters as to which there is no genuine dispute.").

Dated: April 21, 2023

**FENNEMORE CRAIG, P.C.**

_____
SHANNON S. PIERCE, ESQ. (SBN 12471)
WADE BEAVERS, ESQ. (SBN 13451)

*Attorneys for Canonical Group Limited*

# CERTIFICATE OF SERVICE

Pursuant to F.R.C.P. 5(b), I certify that on April 21, 2023, I served the attached document on the persons below by U.S. and electronic mail.

| | |
|---|---|
| Ramzy P. Ladah, Esq.<br>Ladah Law Firm<br>517 South Third Street<br>Las Vegas, NV 89101<br>litigation@ladahlaw.com<br>*Attorneys for Plaintiff*<br><br>Robert P. Molina, Esq.<br>701 Bridger Avenue, Suite 600<br>Las Vegas, NV 89101<br>rmolina@pyattsilverstri.com<br>*Attorneys for Defendants Gordon Denny and Avis Car Rental* | Gary R. Guelker, Esq.<br>Resnick & Louis, P.C.<br>8925 West Russell Road, Suite 220<br>Las Vegas, NV 89148<br>gguelker@rlattorneys.com<br>*Attorneys for Intervenor Allstate Insurance Company* |

_____
Employee of Fennemore Craig, P.C.

4